**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
  E-Mail: Joseph.Lordan@lewisbrisbois.com
SUMY KIM, SB# 290082
  E-Mail: Sumy.Kim@lewisbrisbois.com
CIARA M. DINEEN, SB# 319913
  E-Mail: Ciara.Dineen@ lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants HAMMER & STEEL, INC. and LISA GASSER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCHRECKENGOST, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAMMER & STEEL, INC., a Missouri corporation; LISA GASSER, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>[Filed Concurrently with Declarations of Sumy Kim, Lisa Gasser, and Thilini Coldagelli]<br><br>Action Filed:   February 11, 2021<br>Trial Date:      None Set |

TO THE HONORABLE COURT, ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants HAMMER & STEEL, INC. ("H&S") and LISA GASSER ("Gasser") (collectively referred to as "Defendants"), by and through their counsel, hereby remove this action from the Superior Court of California, County of Solano, to the United States District Court for the Northern District of California under 28 United States Code sections 1332, 1441, and 1446.

This Court has original subject matter jurisdiction over Plaintiff JAMES SCHRECKENGOST's ("Plaintiff") lawsuit under 28 United States Code section 1332(a) because complete diversity of citizenship exists between Plaintiff and H&S, *i.e.*, Plaintiff is a California

1  citizen while H&S is not a California citizen, and the amount in controversy exceeds $75,000.00.

2

3  DATED: March 29, 2021                LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5                                        By:  */s/ Sumy Kim*
                                              Joseph R. Lordan
6                                             Sumy Kim
                                              Ciara M. Dineen
7                                             Attorneys for Defendants HAMMER & STEEL,
                                              INC. and LISA GASSER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4850-0537-3922.1

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Removal of Plaintiff JAMES SCHRECKENGOST's ("Plaintiff") single-plaintiff disability discrimination and constructive discharge lawsuit from the Solano County Superior Court is proper because complete diversity of citizenship exits between Plaintiff and Defendant HAMMER & STEEL, INC. ("H&S") and the amount in controversy exceeds $75,000.

While Plaintiff is a California citizen, H&S is incorporated and has its principal place of business in Hazelwood, Missouri.  Additionally, Defendant LISA GASSER is a "sham defendant", added only to defeat diversity jurisdiction.  Therefore, her citizenship is properly excluded from consideration by this Court when examining the diversity of the parties. (*Coker v. Amoco Oil Co*. (11th Cir 1983) 709 F2d 1433, 1440.)  Consequently, removal to the Northern District of California is proper under section 1441(a) because the Northern District embraces the Solano County Superior Court and it has original jurisdiction over Plaintiff's claims under section 1332(a).

## II.  FACTUAL BACKGROUND AND STATUS OF THE PLEADINGS

On February 11, 2021, Plaintiff JAMES SCHRECKENGOST ("Plaintiff"), by and through his attorneys of records, filed a civil action in the Superior Court of California for the County of Solano, entitled *James Schreckengost, Plaintiff v. Hammer & Steel, Inc., et al.,* FCS056063.  A true and correct copy of Plaintiff's Complaint is attached to this Notice of Removal as **Exhibit A** to the Declaration of Sumy Kim ("Kim Decl.").  On or about February 25, 2021, H&S' agent was served with the Summons and Complaint by substitute service.  A true and correct copy of the Court docket is attached as **Exhibit B** to the Kim Decl.  On or about February 25, 2021, Gasser was served with the Summons and Complaint by personal service.  (*Id.*)

Plaintiff's Complaint arises out of events related to his employment with H&S in Benicia, California. He asserts the following claims for relief against H&S: (1) Disability Discrimination in violation of California's Government Code section 12940, *et seq.*; (2) Retaliation in violation of California's Government Code section 12940, *et seq.*; (3) Retaliation in violation of public policy; (4) Hostile Work Environment in in violation of California's Government Code section 12940, *et.*

4850-0537-3922.1



NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

*seq.*; (5) Failure to prevent retaliation and harassment (Violation of California Government Code §12940(k)); (6) Constructive Discharge in violation of public policy; (7) Intentional Infliction of Emotional Distress. (See **Exhibit A** to the Kim Decl.)  The following causes of action are asserted against Gasser: (4) Hostile Work Environment in in violation of California's Government Code section 12940, *et. seq.* and (7) Intentional Infliction of Emotional Distress.  (*Id.*)

On March 26, 2021, Defendants answered the State Court action.  A true and correct copy of the Answer is attached as **Exhibit C** to the Kim Decl.   No further proceedings have occurred in this matter in the Superior Court of Solano County, State of California, other than what has been stated above.

## III.   JURISDICTION AND VENUE

The Northern District of California has subject matter jurisdiction over Plaintiff's lawsuit under section 1332(a) because complete diversity of citizenship exists between Plaintiff and H&S—i.e., Plaintiff is a California citizen while H&S is not—and the amount in controversy exceeds $75,000.   Venue is proper under 28 U.S.C. sections 84(c)(2), 1391, and 1446.

## IV.   REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

### A.   Plaintiff and H&S Are Not Citizens of the Same State

Plaintiff's Complaint states "Plaintiff is and, at all relevant times was, a citizen and resident of the State of California, County of Solano."  (See **Exhibit A** to the Kim Decl., ¶4.)  On information and belief, Defendants believe Plaintiff is a domiciled citizen in the state of California.

Plaintiff's Complaint identifies H&S "a Missouri Corporation conducting business in California."  (*Id.*, ¶5.)  At the time Plaintiff's Complaint was filed and at the time of this Notice of Removal, H&S was not and is not a citizen or a resident of California and its principal place of business is not California. (See Declaration of Thilini Codagelli ("Codagelli Decl.") ¶¶ 3-7.) H&S is incorporated in the state of Missouri. (*Id.*, ¶¶ 3-5).  H&S' high-level officers direct, control, and coordinate its operations from its headquarters located in Hazelwood, Missouri. (*Id.*, ¶¶ 6-7.) In *Histz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court eliminated any uncertainty as to the meaning of "principal place of business." Specifically, the principal place of

business is the "nerve center" where the company's high-level officers direct, control and coordinate the company's activities. (*See Id*. at 1184-1185.) Therefore, for purposes of diversity of citizenship, H&S is not a citizen of California, but a citizen of Missouri.

Accordingly, Plaintiff's action is removable to the Northern District of California under sections 1332(a) and 1441(a). See generally *Strotek Corp. v. Air Transport Ass'n of America*, 300 F. 3d 1129, 1131 (9th Cir. 2002). The district courts have "original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1); see also 28 U.S.C. § 1441(a) (allowing for removal of diversity actions). Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that each defendant must be a citizen of a different state from each plaintiff. See *Moss v. Infinity Insurance Co.*, 2017 WL 2335359, *2 (N.D. Cal. 2017); see also *Morris v. Princes Cruises, Inc.,* 236 F. 3d 1061, 1067-68 (9th Cir. 2001) (noting a nondiverse party may be deemed "fraudulent" and, therefore, disregarded for purposes of diversity jurisdiction).

Here, removal is proper under section 1332(a). Despite the inclusion of Gasser as a fraudulently joined party, there is complete diversity between Plaintiff and H&S. Plaintiff is a citizen of, and domiciled in, California. H&S is a Missouri corporation with its principal place of business outside of California—and, therefore, not a "citizen" of California. Plaintiff's alleged general damages, request for punitive and exemplary damages, and attorney's fees, sets the amount in controversy over $75,000, which is further discussed below.

Lastly, for purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. See 28 U.S.C. § 1441(b)(1); see also *Soliman v. Phillip Morris, Inc.,* 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the citizenship of the alleged Doe defendants is of no consequence for purposes of this removal.

### B. Gasser Was "Fraudulently" Joined to Defeat Diversity

Individual defendant Gasser, identified as a resident of the State of California, is a "sham defendant" who was added only to defeat diversity jurisdiction. *See Hunter v. Phillip Morris*

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

*USA*, 582 F. 3d 1039, 1043 (9th Cir. 2009). A non-diverse party named in a state court action may be disregarded if the court determines that party's joinder is a sham or fraudulent so that no possible cause of action has been stated against that party. *Morris, supra*, 236 F. 3d at 1067; *see also Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987).

The determination of whether a resident defendant has been fraudulently joined is based upon the plaintiff's pleadings at the time of removal. *De Perez v. AT&T Co.*, 139 F. 3d 1368, 1380 (11th Cir. 1998). Further, "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris*, 236 F.3d at 1067; *see also Badon v. R J R Nabisco, Inc.*, 224 F. 3d 382, 389-90 (5th Cir. 2000) (noting diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdictional purposes).

In the present case, there are no valid causes of action and no colorable claims against Gasser. For the reasons below, Plaintiff's harassment and his IIED claims against Gasser obviously fail.

> **i.    Plaintiff's Hostile Work Environment Claim Against Gasser Obviously Fails.**

Plaintiff's fourth cause of action for harassment/hostile work environment fails for two reasons. **First**, Gasser cannot be held individually liable for harassment. Under Government Code section 12926(t), "'[s]upervisor means any individual having the authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or the responsibility to direct them, or to adjust their grievances, or effectively to recommend that action, if, in connection with the foregoing, the exercise of that authority is not of a merely routine or clerical nature, but requires the use of independent

judgment." Gov't Code § 12926(t).  In the present case, Gasser was not a supervisor as defined by statute. Gasser Decl. ¶ 3.  She lacked the authority, in the interest of H&S, to do the things prescribed in section 12926(t).  *Id.*  Accordingly, Plaintiff included Gasser as a sham to defeat removal based on diversity jurisdiction.

**Second**, Plaintiff's hostile work environment claim against Gasser is based on the single allegation that she "would no longer speak to Plaintiff or acknowledge Plaintiff's presence" after his injury (See **Exhibit A** to the Kim Decl.**, ¶ 17**.).  However, this is not an actionable conduct and not sufficiently severe or pervasive to find harassment or a hostile work environment.  *See generally Brennan v. Townsend & O'Leary Enters., Inc.*, 199 Cal. App. 4th 1336, 1352 (2011).  Instead, the entirety of Plaintiff's harassment claim against Gasser is based on trivial and non-actionable conduct, which are not sufficiently severe or pervasive to constitute a cognizable claim for harassment or hostile work environment.  These perfunctory allegations do not raise to the level sufficient to find actionable harassment.

To prove unlawful harassment, a plaintiff must show, among other things, that "the harassment complained of was sufficiently severe and pervasive so as to alter the conditions of employment and create an abusive working environment.  *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989).  To properly plead harassment, Plaintiff must allege facts that demonstrate he was subjected to unwelcome advances, conduct or comments, the harassment was <u>based on his protected status</u> (disability) and the harassment was so severe or pervasive as to alter the conditions of his employment and create an abusive working environment." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986); *see also Brennan*, 199 Cal.App.4th at 1352.  Harassment cannot consist of conduct that is occasional, isolated, sporadic, or trivial; rather Plaintiff must allege a concerted pattern of harassment of a "repeated, routine or a generalized nature." *Aguilar v. Avis-Rent-A-Car-System, Inc.*, 21 Cal.4th 121, 138-39(1999).  Notably, the United States Supreme Court has "made it clear that *conduct must be extreme* to amount to a change in terms and conditions of employment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (emphasis added).  California courts have adopted this standard, noting that FEHA "is not a civility code" and does not outlaw "coarse and vulgar

language or conduct that merely offends." *Lyle v. Warner Bros. Television Productions*, 38 Cal. 4th 264, 295 (2006) (citations omitted). Ignoring or not acknowledging Plaintiff by Gasser is not a sufficient basis to find a workplace permeated with harassment, discrimination, intimidation or ridicule.

This singular allegation by Plaintiff against Gasser is a paradigm example of the type of conduct that was specifically referenced as not rising to the level of severe and pervasive by California courts in *Aguilar* and *Lyle* and by the U.S. Supreme Court in *Faragher.* As such, Plaintiff's harassment claim against Gasser will necessarily fail.

### ii. *Plaintiff's IIED claim against Gasser will obviously fail too.*

There are two reasons why Plaintiff's seventh cause of action for IIED against Gasser fails to state a claim upon which relief can be based. **First,** Plaintiff has not alleged facts sufficient to constitute a claim for IIED because Plaintiff has not alleged "extreme and outrageous conduct" by Gasser. *See generally Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (setting forth the essential factual elements of an IIED claim). A cause of action for IIED exists when there is, among other things "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *See Hughes*, 46 Cal. 4th at 1050-51 ("A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result.").

Here, there is not a single allegation of intentional conduct by Gasser that was outrageous, was intended to cause emotional distress, was in reckless disregard, or caused plaintiff severe emotional distress. *See Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979) ("[L]iability 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities… There is no occasion for the law to intervene… where someone's feelings are hurt.'"). Ignoring or failing to acknowledge a person objectively does not amount to extreme and outrageous conduct that is not tolerated in a civilized society. Because Plaintiff has not alleged conduct that can be classified as "extreme and outrageous," Plaintiff has failed to allege facts sufficient to constitute a claim for IIED against Gasser.

**Second,** Plaintiff's claim for IIED is barred by Workers' Compensation exclusivity. *See Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160-62 (2014); *see also Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 902-03 (2008). Although emotional distress damages may be recovered in connection with FEHA causes of action, there are no independent causes of action for IIED based on the treatment Plaintiff allegedly suffered due to the constructive discharge of his employment.

The oft-cited rule is that emotional distress damages arising out of discriminatory practices in violation of FEHA are not barred by workers compensation exclusivity. *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352 (1993). However, this has been held to mean that a Tameny action may proceed despite the workers compensation exclusivity rule, and that emotional distress damages are recoverable in connection with a FEHA cause of action, but independent causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress are barred by the workers' compensation exclusivity rule. *See Yau*, 229 Cal. App. 4th at 160-62; *see also Miklosy*, 44 Cal. 4th at 902-03 (holding claims for IIED are preempted by the exclusive remedies under Workers' Compensation, where the conduct occurred at the worksite in the normal course of the employment relationship, and involved risks inherent to the relationship).

Here, Plaintiff does not allege any conduct engaged in by Gasser that would avoid the workers compensation exclusivity rule—therefore, barring his IIED claim. The adverse employment actions allegedly taken against Plaintiff all occurred in the context of a normal workplace. Again, Plaintiff has merely alleged trivial issues (like Glasser's failure to acknowledge him) which go to everyday workplace conduct. Since Plaintiff merely alleges misconduct attributed to H&S and Glasser are a normal part of the employment relationship, Plaintiff's sole remedy for emotional distress must be addressed in a Workers' Compensation action. Put simply, no cause of action for IIED can be stated against Glasser.

C. **The Amount in Controversy Exceeds the $75,000 Requirement**

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-404 (9th Cir. 1996). A defendant need only establish, by a preponderance of the

evidence, that the plaintiff's claims exceed the jurisdictional minimum. *See Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, attorney's fees, statutory penalties, and punitive damages. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

In his Complaint, Plaintiff seeks damages for the "loss of earnings and employment benefits, together with prejudgment interest," as well as "compensatory and general damages," "punitive damages," and "statutory attorneys' fees and costs." (See **Exhibit A** to the Kim Decl, Prayer, ¶1-6.) Plaintiff's hourly rate at the time of his resignation on July 29, 2019 was $20 an hour. (See Coldagelii Decl., ¶¶ 8-9.) Based on Plaintiff's hourly rate at the time of his resignation, and his request for lost earnings and employment benefits since the time of his termination one year and almost eight months ago, in conjunction with his request for compensatory damages, and punitive damages, it is more likely than not, that the amount in controversy exceeds $75,000 irrespective of fees and costs. In *Sanchez v. Monumental Life Ins. Co.* (1996) 95 F.3d 856, 862 (9th Cir.) the court held that a removing defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. The amount in controversy may be satisfied based on the allegations in the complaint. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1997) (noting a defendant may use the allegations in the complaint to establish the amount in controversy); *see also Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

Ultimately, however, this Court need not look beyond the recovery of attorneys' fees in employment cases. If Plaintiff prevails on any of his potential FEHA claims, he would be automatically awarded his entire amount of reasonable attorneys' fees. *Muniz v. United Parcel Serv., Inc.*, 2013 U.S. App. LEXIS 24189 (9th Cir. 2013) (district court did not abuse its discretion in awarding prevailing plaintiff $697,971.80 in attorneys' fees where jury awarded only $27,280 in damages for violation of FEHA; although clear disparity exists between the damages recovered and fees awarded, California law does not require court to reduce disparity). As such, Plaintiff's Complaint meets the statutory requirement for damages.

### III. CONCLUSION

H&S respectfully requests this action be removed from the Superior Court of California, County of Solano, to the United States District Court for the Northern District of California. As set forth above, this Notice of Removal is filed within thirty days of service of process on H&S; venue is proper in this district because it embraces the state court in which the removed action has been pending; and all process, pleadings and orders filed in this action are attached hereto. H&S will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Solano, wherein the action is currently pending, as required by 28 U.S.C. section 1446(d). If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

DATED: March 29, 2021              LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Sumy Kim*
Joseph R. Lordan
Sumy Kim
Ciara Dineed
Attorneys for Defendants HAMMER & STEEL, INC. and LISA GASSER