EXHIBIT A

BY FAX

COPY

Abraham Mathew, State Bar No. 181110
abraham@mathewandgeorge.com
Jacob George, State Bar No. 213612
jacob@mathewandgeorge.com
MATHEW & GEORGE
500 S. Grand Ave, Suite 2050
Los Angeles, California 90071
Telephone: (310) 478-4349
Fax: (310) 478-9580

Attorney for Plaintiff,
JAMES SCHRECKENGOST



FILED/ENDORSED
Clerk of the Superior Court

FEB 11 2021

By K. SHRONTZ
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SOLANO

| | |
|---|---|
| JAMES SCHRECKENGOST, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>HAMMER & STEEL, INC., a Missouri corporation; LISA GASSER, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: FCS056063<br><br>**COMPLAINT**<br>(1) Disability Discrimination in Violation of California Govt. Code §§ 12940, et seq.;<br>(2) Retaliation in Violation of California Govt. Code §§ 12940, et seq.;<br>(3) Retaliation in Violation of Public Policy;<br>(4) Hostile Work Environment and Harassment;<br>(5) Failure to Prevent Discrimination and Harassment (Violation of Gov. Code 12940(k));<br>(6) Constructive Discharge in Violation of Public Policy;<br>(7) Intentional Infliction of Emotional Distress.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[UNLIMITED CIVIL ACTION]<br><br>ASSIGNED TO<br>JUDGE CHRISTINE CARRINGER<br>FOR ALL PURPOSES |

COMPLAINT

Plaintiff James Schreckengost hereby alleges as follows:

## FACTUAL AND LEGAL SUMMARY OF THE CASE

1. Plaintiff, James Schreckengost ("James" or "Plaintiff") brings this action to recover, among other things, compensatory and punitive damages against Defendants Hammer & Steel, Inc., ("Defendant Hammer" or "Company") and Lisa Gasser ("Defendant Gasser" or "Lisa"). Plaintiff suffered a workplace injury and was discriminated against for his disability. Furthermore, Plaintiff was retaliated against and harassed for his disability and for taking disability leave. Lastly, Plaintiff was constructively terminated and suffered emotional distress as a consequence of the unfair treatment. Thus, Plaintiff seeks compensatory and punitive damages for Defendant's unlawful actions.

## JURISDICTION

2. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The California Superior Court has jurisdiction over Defendants because each is a corporation and/or entity and/or person that has sufficient minimum contacts in California, each is a citizen of California, or each otherwise purposely availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## PARTIES AND VENUE

4. Plaintiff is and, at all relevant times was, a citizen and resident of the State of California, County of Solano.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Hammer is, and, at all relevant times, was a Missouri corporation conducting business in California. Plaintiff is informed and believes, and thereon alleges, that Defendant Lisa Gasser is, and, at all relevant times, was a citizen and resident of the State of California. Plaintiff worked in Solano

County, California, and his causes of action set forth in this Complaint occurred there.

6. Plaintiff is informed and believes, and thereon alleges, that at the time of the wrongful conduct alleged herein, and continuing, that Defendant met the definition of "employer" set forth at Government Code, § 12926(d) (requiring five or more employees) for liability under the California Fair Employment and Housing Act ("FEHA").

7. The true names and capacities, whether corporate, associate, individual, or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Each Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred, and caused injuries and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

## JOINT LIABILITY

8. Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of co-Defendants, and each of them. Moreover Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants.

## LIABILITY FOR PUNITIVE DAMAGES

9. Defendants' conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by its officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by its officers, directors, and/or managing agents as those terms are used in Civil Code, §§ 3294 and 3295 for purposes of establishing liability for punitive damages. Further Defendants had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual

perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

## EXHAUSTATION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has complied with all applicable claims statutes, and/or administrative and/or internal remedies and/or grievance procedures.

11. To the extent required, Plaintiff has exhausted her administrative remedies pursuant to Government Code §§ 12960 and 12965(b) by timely filing an administrative complaint with the Department of Fair Employment & Housing and receiving a Right to Sue letter.

## STATEMENT OF FACTS

12. More than 25 years ago, Plaintiff began his career as a Forklift Driver. He was certified multiple times and had no accidents or OSHA violations. In or about August 2018, Defendant Hammer hired Plaintiff as a Forklift Driver.

13. Defendant Hammer sells and rents heavy-duty construction equipment. The equipment generally requires specialized training to use and maintain.

14. On October 24, 2018, Plaintiff was asked by his supervisor, Defendant Lisa Gasser, to perform work he was neither hired to do nor trained to do. Plaintiff obeyed. He was successfully able to complete a portion of the task when a heavy piece of machinery fell on him.

15. Plaintiff was alone in the company yard when this happened. It took approximately 5 minutes before someone responded to his screams for help. After a forklift driver removed the heavy machinery from his leg, August Santos ("August") drove Plaintiff to the emergency room.

16. Thereafter Plaintiff was on medical leave and returned to work in mid-February the following year. Upon his return, Plaintiff discovered that the work environment had changed such that Defendants' treated Plaintiff with hostility.

17. Lisa would no longer speak to Plaintiff or acknowledge Plaintiff's presence.

18. Plaintiff was not permitted to perform his customary work duties including

Page 3
COMPLAINT

operate forklifts despite doctor's clearance to do so.

19. Plaintiff was singled out and prohibited from using company overalls where others employees were entitled to that benefit. Plaintiff was therefore required to wear his own clothing and singled out.

20. Plaintiff was also not provided company gloves where other employees were issued and received them.

21. Upon return, Plaintiff was placed on probation despite medical clearance and despite his decades long experience.

22. When the probationary period expired, Plaintiff requested to return to his former position as forklift driver. Rather than return Plaintiff to his former position and despite his over twenty year history and experience operating forklifts, Defendants placed unreasonable demands on Plaintiff which in turn led to Plaintiff's constructive termination.

## FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of California Government Code §§ 12940, et seq.**

**(Plaintiff against Defendant Hammer)**

23. Plaintiff incorporates all paragraphs above as though fully set forth herein.

24. The Fair Employment and Housing Act ("FEHA") prohibits discrimination against an employee because of his or her actual and/or perceived disabilities.

25. At all relevant times, Plaintiff was a person with an actual and/or perceived disability within the meaning of the FEHA in that Plaintiff suffered from a broken limb. Specifically, his foot was broken in 3 places.

26. Defendants discriminated against Plaintiff because of his actual and/or perceived disabilities by, among other things:

    a. Retaliating against and harassing Plaintiff because of his actual and/or perceived disabilities.

    b. Constructively terminating Plaintiff because of his actual and/or perceived disabilities.

27. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials, supervisors and/or managing agents knew or reasonably should have known, and know or reasonably should know, of the conduct and its unlawful motivations.

28. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

29. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

30. As a proximate result of Defendants' wrongful acts, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

31. Defendants' outrageous conduct was fraudulent, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in the amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Government Code § 12940(h) (FEHA)

### (Plaintiff against Defendant Hammer)

32. Plaintiff incorporates all paragraphs above as though fully set forth herein.

33. At all times material hereto, Plaintiff was an employee, protected by Government Code § 12940(a) and (j)(1), which prohibits discrimination and harassment in employment on the basis of disability.

34. At all times material hereto, Defendants were employers within the meaning of California Government Code § 12926(d), and as such were prohibited from harassing, and discriminating on the basis of disability.

35. Plaintiff engaged in a protected activity under California Government Code § 12940(h) by making complaints to Defendants about discrimination and harassment pursuant to the allegations above, and by resisting harassment in the workplace.

36. Defendant denied Plaintiff's complaint and refused to remedy its agents' and/or employees' behavior. Defendant retaliated against Plaintiff by, but not limited to: failing to provide him gloves and overalls; failing to provide him work consistent with his forklift training; requiring he undergo a 90-day probationary period; and requiring he undergo drug testing. Defendants retaliated against Plaintiff because he suffered a work-place injury, sought medical leave, and resisted harassment in the workplace.

37. As a direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered, and continues to suffer, substantial losses in earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

38. As further direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

39. As further direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

40. Plaintiff is informed and believes, and thereon alleges, that Defendants' committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights as set forth in Government Code § 12940(a). An award of punitive damages against Defendants is therefore warranted.

41. As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, pursuant to Government Code § 12965(b), in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

### Retaliation –

### Violation of Public Policy

### (Plaintiff against Defendant Hammer)

42. Plaintiff incorporates all paragraphs above as though fully set forth herein.

43. Plaintiff was an employee of Defendants, and Defendants were prohibited from retaliating against Plaintiff for reporting conduct that he reasonably believed violated the law. The complaint can be made to a government agency or to the employer itself.

44. The following statutes were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendants at the time of Plaintiff's employment and termination:

- Government Code § 12940(a) prohibits discrimination and harassment on the basis of disability.

45. As detailed above, Plaintiff complained to Defendants about disability-based

discrimination and harassment.

46. After Plaintiff made this protected complaint, Defendants retaliated against Plaintiff by harassing him and constructively terminating him.

47. Defendants retaliated against Plaintiff for asserting his rights under the California Labor and Government Codes and reporting a violation of the law.

48. As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of various public policies set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

## FOURTH CAUSE OF ACTION

### Hostile Work Environment and Harassment

### (Plaintiff against all Defendants)

49. Plaintiff incorporates all paragraphs above as though fully set forth herein.

50. As detailed above, Defendant's conduct created a hostile work environment for Plaintiff, making the conditions of his employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to California Government Code § 12940. Defendants' subjected Plaintiff to a hostile work environment due to harassment based on his disability.

51. Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile, abusive work environment and thereby endangering Plaintiff's physical health and making his working conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

52. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in the amount according to proof.

53. Defendants' actions justify the imposition of punitive damages in that the actions were against public policy. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice in conscious disregard of Plaintiff's rights.

## FIFTH CAUSE OF ACTION

**Failure to Prevent Discrimination and Harassment**

**in Violation of Gov. Code § 12940(k)**

**(Plaintiff against Defendant Hammer)**

54. Plaintiff incorporates all paragraphs above as though fully set forth herein.

55. Plaintiff was subjected to harassment as set forth above based on his disability and medical leave.

56. Defendants were aware of Defendants' employees' actions in harassing Plaintiff based on his disability and medical leave. Despite being aware of the harassment, Defendants failed to conduct an adequate investigation in regards to said harassment, or to take any action whatsoever to eliminate and/or remedy Defendants' employees' hostile behavior towards Plaintiff.

57. Therefore Defendants failed to take reasonable steps to prevent Plaintiff from being unlawfully harassed.

58. Under Government Code, § 12940(k), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

59. As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

60. Pursuant to Government Code, § 12965(b) and California Code of Civil Procedure § 1021.5, Plaintiff is entitled to the costs of hiring an attorney to pursue recovery for

1  Defendants' multiple violations of law as set forth in this complaint and for the litigation costs
2  attendant in prosecuting this lawsuit.

3      61. The wrongful conduct of Defendants described above was intended by
4  Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile
5  conduct carried on by Defendants, and each of them, with a willful and conscious disregard of
6  the rights of Plaintiff, subjecting him to cruel and unjust hardship, and was an intentional
7  misrepresentation and concealment of material facts known to Defendants with the intent to
8  deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute
9  malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive
10 damages in an amount sufficient to punish the Defendants or to make an example of Defendants
11 to prevent such conduct by others.

## SIXTH CAUSE OF ACTION

### Constructive Discharge in Violation of Public Policy

**(Plaintiff against Defendant Hammer)**

15     62. Plaintiff incorporates all paragraphs above as though fully set forth herein.

16     63. Approximately from August 2018 to July 29, 2019, Plaintiff was employed with
17 Defendants.

18     64. In or around July 29, 2019, Plaintiff was constructively discharged from his
19 employment, in that any reasonable person in Plaintiff's position subject to those actions would
20 have resigned or quit his employment, as Plaintiff was compelled to do.

21     65. Defendants had actual knowledge of the intolerable conditions caused by the acts
22 of harassment alleged above, and failed to take any steps to end those conditions for the purpose
23 of causing Plaintiff's resignation. Furthermore, Defendants knew or should have known that
24 Plaintiff's resignation would result from its actions.

25     66. In doing the acts described herein by Plaintiff in the factual summary supra,
26 Defendants deprived Plaintiff of prospective career and employment opportunities, as well as
27 other benefits, by failing to perform its duties to administer and apply all State and local laws,

28

procedures and regulations.

67. Defendants forced the constructive discharge of Plaintiff in breach of public policy. The underlying public policy being that articulated in the California Fair Employment and Housing Act, Government Code Section 12900, et. seq.

68. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment and mental anguish all to her damage, in an amount to be established at trial.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiff against all Defendants)

69. Plaintiff incorporates all paragraphs above as though fully set forth herein.

70. As set forth above, Defendants' conduct was outrageous in that Defendants subjected Plaintiff to retaliation and harassment. Plaintiff suffered a work-place injury which was traumatic in and of itself. The retaliation and harassment he experienced upon his return to work only aggravated his emotional distress.

71. Plaintiff is informed and believes, and thereon alleges, that Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress as a result of the aforementioned harm being inflicted upon Plaintiff at the workplace.

72. Plaintiff suffered severe emotional distress as a result of the Defendants' aforementioned conduct. Furthermore, Defendants' conduct represented a substantial factor in causing Plaintiff's severe emotional distress.

73. As a direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, offense, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

74. Plaintiff is informed and believes, and thereon alleges, that Defendantsre

committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights as set forth in Government Code § 12940(a). An award of punitive damages against Defendant is therefore warranted.

## PRAYER FOR RELIEF

### (Plaintiff against Defendant Hammer)

Plaintiff prays for relief against all Defendants, jointly and severally, as follows:

1. For special damages, including but not limited to, lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at the time of trial, all in an amount set forth above and/or according to proof at the time of trial;

2. For general damages in an amount set forth above and/or according to proof at the time of trial;

3. For punitive and exemplary damages in an amount according to proof at the time of trial;

4. For interest;

5. For reasonable attorneys' fees;

6. For costs of suit;

7. For all unpaid wages and expenses according to proof at trial;

8. For any and all penalties under the law; and

9. For such other and further relief as the Court may deem equitable and appropriate.

## PRAYER FOR RELIEF

### (Plaintiff against Defendant Gasser)

Plaintiff prays for relief against all Defendants, jointly and severally, as follows:

1. For special damages, including but not limited to, out-of-pocket expenses in an amount according to proof at the time of trial, all in an amount set forth above and/or according to proof at the time of trial;

2. For general damages in an amount set forth above and/or according to proof at the time of trial;

3. For punitive and exemplary damages in an amount according to proof at the time of trial;

4. For interest;

5. For any and all penalties under the law; and

6. For such other and further relief as the Court may deem equitable and appropriate.

Dated: February 10, 2021

Respectfully Submitted,

MATHEW & GEORGE

By: _____

Abraham Mathew,
Attorney for Plaintiff,
JAMES SCHRECKENGOST

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated: February 10, 2021

Respectfully Submitted,

MATHEW & GEORGE

By: _____

Abraham Mathew,
Attorney for Plaintiff,
JAMES SCHRECKENGOST