EXHIBIT C

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   JOSEPH R. LORDAN, SB# 265610
2    E-Mail: Joseph.Lordan@lewisbrisbois.com
   SUMY KIM, SB# 290082
3    E-Mail: Sumy.Kim@lewisbrisbois.com
   CIARA M. DINEEN, SB# 319913
4    E-Mail: Ciara.Dineen@ lewisbrisbois.com
   333 Bush Street, Suite 1100
5  San Francisco, California 94104-2872
   Telephone: 415.362.2580
6  Facsimile:  415.434.0882

7  Attorneys for HAMMER & STEEL, INC. and
   LISA GASSER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| JAMES SCHRECKENGOST, an individual, | CASE NO. FCS056063 |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** |
| vs. | [Assigned For All Purposes To: The Honorable Christine A. Carringer, Dept. 12] |
| HAMMER & STEEL, INC., a Missouri corporation; LISA GASSER, an individual; and DOES 1-10, inclusive, | |
| Defendants. | Action Filed:  February 11, 2021<br>Trial Date:     None Set |

Defendants HAMMER & STEEL, INC. and LISA GASSER (collectively, "Defendants") hereby answer Plaintiff JAMES SCHRECKENGOST's ("Plaintiff") Complaint, as follows:

## GENERAL DENIAL

Under the provisions of section 431.30 of the Code of Civil Procedure, Defendants deny each, every, and all of the allegations of Plaintiff's Complaint (hereafter referred to as "Complaint"), and the whole thereof, and deny that Plaintiff has sustained damages in the sum alleged, or in any other sum, or at all.

Further answering Plaintiff's Complaint, and the whole thereof, Defendants deny that Plaintiff has sustained any injury, damage, or loss by reasons of any act, omission, or negligence



4828-3850-3138.1

1

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

on the part of these answering Defendants or their agents or employees.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedies)**

1. Defendants are informed and believe, and thereon allege, that all causes of action within the Complaint are barred, because Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et seq., or the Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. section 2000e et seq. (Title VII of the Civil Rights Act of 1964 ["Title VII"]), and/or any other applicable administrative remedy.

### SECOND AFFIRMATIVE DEFENSE
**(FEHA Notice)**

2. Defendants are informed and believe, and thereon allege, that Plaintiff's claims for relief pursuant to the FEHA are barred, because Defendants had no notice of any alleged violation thereof.

### THIRD AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

3. Defendants allege that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 338 and 340; and Labor Code sections 1102.5 and 6310.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

4. Neither the Complaint nor any purported cause of action alleged therein states a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Plead with Certainty and Particularity)**

5. The allegations of the Complaint, and each purported cause of action contained



4828-3850-3138.1

2

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous, and unintelligible.

## SIXTH AFFIRMATIVE DEFENSE

**(Bad-Faith Claims)**

6. The allegations and claims asserted in the Complaint have always been, and continue to be, frivolous, groundless, and without merit. Plaintiff has brought this action in bad faith.

## SEVENTH AFFIRMATIVE DEFENSE

**(No Entitlement to Punitive Damages)**

7. Defendants are informed and believe, and thereon allege, that the Complaint, and each and every cause of action set forth therein alleged against Defendants, fails to state facts sufficient to recover punitive or exemplary damages or to show that Defendants are guilty of malice, oppression, or fraud as required by Code of Civil Procedure section 3294.

## EIGHTH AFFIRMATIVE DEFENSE

**(Procedural Due Process)**

8. The Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of Defendants to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.

## NINTH AFFIRMATIVE DEFENSE

**(No Constructive Discharge)**

9. Defendants did not intentionally create or knowingly permit working conditions that were intolerable such that a reasonable person in Plaintiff's position had no reasonable alternative but to resign because, including, but not limited to, Plaintiff voluntarily resigned.

## TENTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

10. Plaintiff is precluded from recovering the damages alleged in the Complaint, because those damages are too vague, uncertain, and speculative to permit recovery.



4828-3850-3138.1

3

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

11. Each of the causes of action alleged in the Complaint is barred, in whole or in part, because there is no causal relationship between any alleged conduct and an adverse employment action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Plaintiff Did Not Sustain Any Damages)**

12. Defendants are informed and believe, and thereon allege, that Plaintiff's claim for prejudgment interest pursuant to Civil Code section 3288 is barred, because Plaintiff sustained no damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

13. Defendants' activities, undertaken with respect to Plaintiff, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons that were neither arbitrary, capricious, nor unlawful.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Malice, Fraud, or Oppression)**

14. Defendants are informed and believe, and thereon allege, that their actions were not willful, malicious, fraudulent, oppressive, intentional, or tortious, and Plaintiff's claims are not authorized pursuant to Civil Code section 3294.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Non-Retaliatory and Non-Discriminatory Actions)**

15. Plaintiff is barred from any recovery in this action, because all of Defendants' actions toward Plaintiff were taken for legitimate, non-retaliatory, and non-discriminatory reasons.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Defendants' Good-Faith Belief)**

16. Defendants are informed and believe, and thereon allege, that the Complaint, and each and every cause of action set forth therein alleged against Defendants, are barred in whole or



in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good-faith belief in the facts as known and understood at the time.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

17. Plaintiff's claims are barred in whole or in part, because the retaliatory and discriminatory conduct that Plaintiff alleges was not intentional.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

18. Plaintiff's claims are barred by either a mistake of fact or a mistake of law, or both.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

19. To the extent that Plaintiff seeks any damages for his purported physical, mental or emotional injuries allegedly suffered as a result of his employment with Defendants, Plaintiff's claims are barred because their sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, California Labor Code sections 3200-4627.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

20. Plaintiff's claim for wrongful termination in violation of public policy is barred in whole or in part, because Defendants' conduct was privileged as an exercise of its legal right to terminate an at-will employee.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (*Faragher/Ellerth* Defense)

21. Defendant is entitled to all applicable defenses as set forth by the *United States Supreme Court in Faragher v. City of Boca Raton* (1998) 524 U.S. 775 and *Burlington Industries v. Ellerth* (1998) 524 U.S. 742 because either (a) no tangible adverse employment action was taken against Plaintiff; (b) Plaintiff's employer exercised reasonable care to prevent and promptly correct the alleged discriminatory and retaliatory behavior, *i.e.,* Defendant's harassment, discrimination, and retaliation policies demonstrated reasonable care to prevent harassing,

discriminatory, or retaliatory behavior; or (c) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm, *i.e.,* Plaintiff failed to take advantage of reporting procedures outlined in Defendants' handbook and related policies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Discretionary Acts)

22. Defendants are informed and believe, and thereon allege, that any and all conduct of which Plaintiff complains and which is attributed to Defendants, or their agents or employees, was a just and proper exercise of management's discretion on the part of Defendants and their agents or employees, and was undertaken for a fair and honest reason and regulated by good faith under the circumstances existing at all times mentioned in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

23. Defendants are informed and believe, and thereon allege, that the Complaint, and each and every purported cause of action contained therein, is barred in that Plaintiff is guilty of wrongful misconduct and/or omissions in connection with the claims that form the basis of this litigation, including, but not limited to, the facts concerning Plaintiff's employment, and therefore, each and every claim should be barred from all legal or equitable relief requested in the Complaint or otherwise by reason of unclean hands.  Defendants may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendants to assert the equitable remedy of unclean hands at the time of trial.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

24. Defendants are informed and believe, and thereon allege, that Plaintiff may be estopped by his own conduct from asserting any and all claims he may have or has against Defendants arising from the transactions and occurrences set forth in the Complaint.  Defendants may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate

Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendants to assert the equitable remedy of estoppel at the time of trial.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Waiver)

25.     Defendants are informed and believe, and thereon allege, that Plaintiff may have waived any and all claims that he may have had or has against Defendants arising from the transactions and occurrences set forth in the Complaint.  Defendants may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would constitute a waiver, which would allow Defendants to assert the equitable remedy of waiver at the time of trial.  Defendants further allege that Plaintiff may have or has consented to and/or waived any and all rights he may have had relative to the matters alleged in the Complaint by failing, refusing, and neglecting to properly perform his obligations thereunder and by undertaking other conduct, the exact nature of which will be inserted herein by amendment or proved at the time of trial.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Consent)

26.     Defendants are informed and believe, and thereon allege, that Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions, and conduct of Defendants.  Defendants may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would establish consent to the conduct alleged in the Complaint, which would allow Defendant to assert the equitable remedy of consent at the time of trial.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Plaintiff's Acts)

27.     Defendants allege that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

28. If Plaintiff suffered any damages as a result of the facts alleged in the Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

29. Plaintiff is precluded from asserting the Complaint, and each purported cause of action therein, because he failed to exercise reasonable care to avoid the injuries he purportedly suffered in that, among other things, Plaintiff failed to utilize Defendants' internal complaint procedures.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust – Internal Procedures)**

30. Defendants allege that the Complaint is barred, as valid and proper company policies and procedures prohibiting retaliation, harassment, and unlawful discrimination based on disability, or any other classification protected by law, were in place at all relevant times. Plaintiff failed to comply with these policies and procedures, failed to notify Defendants, and failed to exhaust the available remedies under these established internal complaint and grievance procedures.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

31. Plaintiff's claims as set forth in the Complaint are barred by the equitable doctrine of laches.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Offset)**

32. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part, because Defendants are entitled to an offset for any monies Plaintiff

received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

33. The Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence Defendants have presently and/or may acquire during the course of this litigation.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Lack of Pretext)**

34. Plaintiff cannot establish that Defendants' articulated reason for any adverse employment action was a pretext for unlawful discrimination, retaliation, and/or violation of public policy.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No Discrimination or Retaliation)**

35. Plaintiff is precluded from recovery of reinstatement, back pay, or damages because Defendants did not discriminate or retaliate against him or constructively discharge him on any basis, and did not fail to prevent discrimination or retaliation.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(No Regular Business Practice)**

36. Plaintiff is precluded from recovery because Defendants did not engage in a pattern and/or practice of unlawful conduct.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Knowledge of Protected Activity)**

37. Plaintiff's claims are barred in whole or in part, because Defendants had no knowledge that Plaintiff engaged in any protected activity.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Legitimate Business Reason)**

38. Defendants' activities undertaken with respect to Plaintiff were justified as such



4828-3850-3138.1

9

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Mixed-Motive Doctrine)

39. Plaintiff is precluded from recovery of reinstatement, back pay, or damages because of the mixed-motive doctrine. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.).

### FORTIETH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Act)

40. Defendants did not intentionally or recklessly inflict emotional distress or intentionally commit any other tort.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Severe Emotional Distress)

41. Plaintiff did not sustain severe emotional distress as a result of any act or omission attributable to Defendants.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

42. Defendants allege that to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, such injuries were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of these Defendants.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Nexus)

43. The Complaint, and any of the purported causes of action asserted therein, is barred because there is no nexus between any alleged unlawful conduct or omission and any decision made by Respondent regarding Claimant's employment.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

44. The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.



4828-3850-3138.1

10

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

45. Defendants are informed and believe, and thereon allege, that they may have other separate and/or additional defenses of which it is not presently aware and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint or any of his purported claims for relief;

2. That the Complaint be dismissed with prejudice in its entirety;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. That judgment be entered in favor of Defendants;

5. That Defendants be awarded its reasonable attorneys' fees and costs of the suit incurred herein pursuant to section 218.5 of the California Labor Code, or to the extent otherwise permitted by law; and

6. That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED: March 26, 2021            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Joseph R. Lordan
Sumy Kim
Ciara M. Dineen
Attorneys for Defendants HAMMER & STEEL, INC. and LISA GASSER

# CALIFORNIA STATE COURT PROOF OF SERVICE

James Schreckengost v. Hammer & Steel, Inc., et al.
Solano County Superior Court, Case No. FCS056063

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On March 26, 2021, I served true copies of the following document(s):

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Abraham Mathew, Esq.
Mathew & George
500 S. Grand Avenue, Suite 2050
Los Angeles, CA 90071
Telephone: (310) 478-4349
Facsimile: (310) 478-9580
E-mail: abraham@mathewandgeorge.com

The documents were served by the following means:

☒ (BY ELECTRONIC TRANSMISSION ONLY) Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 26, 2021, at San Francisco, California.

_____
Jennifer Marigmen